JUDGE FORREST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

EDWARD MESA,                          )
                                      )
                    Plaintiff,        )
                                      )
      -against-                       )
                                      )
THE CITY OF NEW YORK; POLICE OFFICER  )
THOMAS FARLEY, Shield No. 13411; JOHN )
DOES; RICHARD ROES,                   )
                                      )
                    Defendants.       )
----------------------------------------------------------------X

13 CV 3879

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
JUN 0 6 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff EDWARD MESA seeks relief for

the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments,

and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both

compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees,

and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

1

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.    Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.    Plaintiff filed a timely Notice of Claim with the Comptroller of the City of New York on March 15, 2012, within 90 days of the dismissal of the criminal charges against him. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.    Plaintiff EDWARD MESA is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York.

8.    Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agents in the area of law enforcement to members of the public, and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services

provided by the New York City Police Department.

9.      Defendants POLICE OFFICER THOMAS FARLEY and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE OFFICER THOMAS FARLEY and JOHN DOES are sued individually.

10.     Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants RICHARD ROES

are sued individually.

## STATEMENT OF FACTS

11.     On or about September 15, 2011, approximately 10:13 p.m., on the south sidewalk of Main Street in Flushing, Queens near the intersection of Sanford Avenue, approximately four or more JOHN DOES male police officers, on information and belief including Defendant FARLEY, were in a confrontation with Plaintiff's girlfriend's daughter.

12.     Plaintiff approached the scene to try to defuse the situation.

13.     Plaintiff approached calmly, and without any aggression.

14.     One of the Defendant officers, in plainclothes (who had a mustache), on information and belief Defendant FARLEY, pushed / threw Plaintiff's girlfriend's daughter with unnecessary, gratuitous, and excessive force as Plaintiff walked over.

15.     Plaintiff said, in sum and substance, "What is wrong with you? Why are you throwing her?"

16.     The plainclothes officer, on information and belief Defendant FARLEY (hereinafter referred to as Defendant FARLEY), got very aggressive and got in Plaintiff's face, saying, in sum and substance, "What do you want; who do you think you are, tough guy?"

17.     Plaintiff informed Defendant FARLEY that Plaintiff would like his name and badge number.

18.     Plaintiff, to further try to defuse the situation, took his girlfriend's daughter aside and told her to just go, and to forget about the confrontation with the officer.

19.     Defendant FARLEY then loudly exclaimed, in sum and substance, in the presence of his fellow officers, "oh, you gonna put your hands on me, you gonna put your hands on me."

20.     This exclamation was entirely false and absurd: Plaintiff never touched Defendant FARLEY, and was not even next to him when Defendant FARLEY uttered this false exclamation.

21.     Other JOHN DOES officers present at the scene grabbed Plaintiff and pushed Plaintiff against a metal security gate, and handcuffed Plaintiff.

22.     Plaintiff's girlfriend's daughter was also handcuffed.

23.     The officers put Plaintiff and Plaintiff's girlfriend's daughter into a police vehicle, and took them to the NYPD 109th Precinct.

24.     Plaintiff was photographed, fingerprinted, and was subjected to an iris scan by the police at the precinct.

25.     Plaintiff's girlfriend came to the precinct and tried to explain to the officers there that Plaintiff had a business trip scheduled in the morning, and would the officers please let Plaintiff and Plaintiff's girlfriend's daughter go.

26.     The JOHN DOES officers at the precinct, after conferring, decided to release Plaintiff's girlfriend's daughter from the precinct with a summons, charging her with a non-criminal violation.

27.     The JOHN DOES officers at the precinct decided, however, to further punitively book Plaintiff through the system, in order to retaliate against Plaintiff.

28.     After some hours at the precinct, Plaintiff was brought to Queens Central Booking, where he was held until the early afternoon on September 16, 2011, when he was arraigned.

29.     Plaintiff was falsely charged with Obstruction of Governmental Administration in the Second Degree, a Class A Misdemeanor punishable by up to a year in jail.

30.     The Criminal Complaint falsely alleges - based on a supporting deposition signed by Defendant FARLEY – that Plaintiff placed himself between Defendant FARLEY and Plaintiff's girlfriend's

daughter, preventing Defendant FARLEY from issuing a summons to Plaintiff's girlfriend's daughter.

31.     These allegations are entirely false.

32.     Even were the allegations were true, they do not constitute a crime.

33.     After three further appearances in Criminal Court, the charge against Plaintiff was dismissed as facially insufficient on March 12, 2012 by the Hon. Gerald Lenora.

34.     Plaintiff was forced to retain a criminal defense attorney and pay him $3,000 to represent him with regard to the false charge that had been brought against him.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

35.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36.     By their conduct and actions in falsely arresting, maliciously prosecuting, abusing process against, assaulting and battering, retaliating against, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating a false account and /or evidence regarding, plaintiff, defendants FARLEY and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

37.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and

6

expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

38.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

40.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

41.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

43.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

44.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

45.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

46.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

47.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48.    The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

49.    As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

50.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51.    By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

52.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
           June 6, 2013

JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980
Attorney for Plaintiff